UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-00862 MMM (FMOx) | Date | February 23, 2009 |

Title  *The Regents of the University of California et al. v. Comerchero et al.*

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Action Should Not Be Remanded to State Court For Lack of Federal Question Jurisdiction & Notice of Procedural Defects

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2008, the Regents of the University of California, David Heber, M.D., and Ka Kit Hui, M.D. filed this interpleader action in San Diego Superior Court. The action concerns settlement funds from various lawsuits that challenged the sale to consumers of a dietary supplement containing warfarin and diethylstilbestrol (the "underlying cases"). Plaintiffs-in-interpleader were defendants in these actions. The complaint names as defendants-in-interpleader various plaintiffs in the underlying cases and their numerous attorneys. Plaintiffs-in-interpleader seek to have the various defendants-in-interpleader litigate their competing claims to the settlement proceeds from the underlying cases.

On February 4, 2009, defendant-in-interpleader Ronald Gottschalk removed the action to the Central District of California. Gottschalk asserts that the court has jurisdiction because the case involves a federal question.

## II.  DISCUSSION

### A.  Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C.

§ 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

  B.  **Standard Governing Federal Question Jurisdiction**

Absent diversity of citizenship, federal question jurisdiction is required for removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); see also 28 U.S.C. § 1441(b). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed absent unless defendants, as the party seeking to invoke the court's jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), show that plaintiffs have alleged either a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial and dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-

pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, whether removal jurisdiction exists must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes the plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Thus, where a plaintiff could plead claims under both federal and state law, he can prevent removal by ignoring the federal claim and alleging only state law causes of action. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); see also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

"[R]emoved interpleader actions are still restricted by. . . the removal statute." *Mid-Century Ins. Co. v. Menking*, 327 F.Supp.2d 1049, 1051 n. 1 (D. Neb. 2003). Courts "have construed the principles of *Franchise Tax Board* to mean that federal courts may exercise jurisdiction over interpleader actions that do not state a federal question on the face of a well-pleaded complaint, provided that the stakeholder's right to relief necessarily depends on the resolution of a substantial question of federal law." *Commercial Nat'l Bank v. Demos*, 18 F.3d 485, 488 (7th Cir.1994)); see also *Advantage Title Agency, Inc. v. Rosen*, 297 F.Supp.2d 536, 540 (E.D.N.Y. 2003) (denying a motion to remand a removed interpleader action where determination of the competing claimants' right to funds depended on a federal question regarding the priority of the federal government's tax liens over the remaining defendants-in-interpleader's judgment liens). In determining the existence of federal question jurisdiction over interpleader actions, therefore, courts examine whether the issues

presented by the claims of the defendants-in-interpleader to the funds raise a substantial question of federal law. See *Commercial Nat'l Bank*, 18 F.3d at 489; *Advantage Title Agency*, 297 F.Supp.2d at 540.

### C. Whether the Court Has Subject Matter Jurisdiction

Gottschalk asserts that the court has federal question jurisdiction over this action because it "arises under the RICO Act, 18 U.S.C. [§] 1961 et seq., and the Medicare Secondary Payer Act and [Gottschalk]'s private federal cause of action [under] 42 U[.]S.C. [§] 1395y(b)(3)."[1] The matters cited by Gottschalk are not evident on the face of the complaint. The court must thus consider whether determining defendants-in-interpleader's rights to the settlement funds requires resolution of the federal questions Gottschalk raises. See *Commercial Nat'l Bank*, 18 F.3d at 489; *Advantage Title Agency*, 297 F.Supp.2d at 540.

Gottschalk contends that his right to the funds turns on the application of RICO and 42 U.S.C. § 1395y(b)(2). The exact nature of Gottschalk's RICO argument is unclear. He appears to assert that plaintiffs-in-interpleader, the remaining defendants-in-interpleader, and various state court judges are involved in a conspiracy to defraud Medicare, Medicaid and MediCal, as well as Gottschalk, by colluding in the present interpleader action.[2] Based on Gottschalk's vague and confusing allegations of conspiracy, it appears unlikely that he can assert a viable civil RICO claim. Thus, these allegations do not satisfy Gottschalk's burden of establishing the existence of federal question jurisdiction. Moreover, even if Gottschalk has a civil RICO claim based on his allegations, the cause of action would be a matter separate from ascertaining the rights of the defendants-in-interpleader to the settlement funds, the only issue raised by the complaint. Cf. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1995) ("We have held that '[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question,'" quoting *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975)).

Gottschalk apparently also contends that Medicare has liens on the settlement funds, and that the priority of Medicare's liens involves a federal question. Medicare is not a party to the case, however, and there is no evidence that Medicare asserts any claim to the settlement funds. If the Medicare liens alleged by Gottschalk in fact exist, they would not affect the rights of the defendants-in-interpleader to the settlement funds vis-a-vis one another.

Finally, Gottschalk asserts that he has a cause of action under 42 U.S.C. § 1395y(b)(3). He states that Congress "create[d] an enforceable private and exclusively federal claim for double the amount of damages to persons such as Mr. Gottschalk who have been injured by [a] scheme on the

---

[1] Notice of Removal, ¶ 4.

[2] *Id.*, ¶¶ 6-8.

part of the other parties to defraud Medicare and himself."[3]  The Medicare Secondary Payment to which Gottschalk refers "was enacted in 1980 to reduce federal health care costs, [by] 'mak[ing] Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer.'"  *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1306 (11th Cir. 2006) (quoting *Cochran v. U.S. Health Care Financing Admin.*, 291 F.3d 775, 777 (11th Cir.2002)).  "This means that if payment for covered services has been or is reasonably expected to be made by someone else, Medicare does not have to pay.  In order to accommodate its beneficiaries, however, Medicare does make conditional payments for covered services, even when another source may be obligated to pay, if that other source is not expected to pay promptly.  Such payment is conditioned on Medicare's right to reimbursement if a primary plan later pays or is found to be responsible for payment of the item or service."  *Id.* (quoting *Cochran*, 291 F.3d at 777 and citing 42 U.S.C. § 1395y(b)(2)(A)(I) (internal quotation marks omitted).  Gottschalk contends that this statute affords him a cause of action.  He appears to refer to the following provision:

> "There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A). "  See 42 U.S.C. § 1395y(b)(3)(A).

Plainly, the statute does not provide for the type of action Gottschalk wishes to pursue.  See, e.g., *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1234 (11th Cir. 2008) (holding that a plaintiff who had not been injured by a health care provider lacked standing to assert a claim under § 1395y(b)(3)(A) because "the MSP creates statutory scheme under which individuals can sue their care providers and recover double damages 'to vindicate their private rights when their primary payers fail to live up to their obligations, even if Medicare has made a conditional payment of the beneficiaries' expenses'"); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 524 (8th Cir. 2007) (" Section 1395y(b)(3)(A) grants *the Medicare beneficiary* a private right of action for double damages against an insurer or other primary payer that fails to pay the amounts it owes on the insured's behalf" (emphasis added)).  Even if the statute did create such a cause of action, moreover, Gottschalk's potential counterclaim would not give rise to federal question jurisdiction.

Based on the above discussion, the court tentatively concludes that it lacks subject matter jurisdiction over the action.

### III.  NOTICE OF PROCEDURAL DEFECT IN REMOVAL

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

---

[3]*Id.*, ¶ 5.

Parties seeking to remove must comply with certain procedural mandates. Among these are a requirement that a notice of removal be filed within thirty days after service of the summons and complaint, 28 U.S.C. § 1446(b); see *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); that all defendants in the state action join in the removal, 28 U.S.C. § 1446 (b); see *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); and that the notice of removal be filed "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. §1446(a). As respects the thirty-day time limit for removal, the statute provides for a renewed thirty-day removal period if the original complaint is not removable. This period commences on defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b). Finally, the removal statute provides that no case can be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).

The removing defendant bears the burden of establishing that removal is proper. See *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand. *Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

Gottschalk filed his notice of removal on February 4, 2009; he asserts that he first received a copy of the complaint on August 3, 2008.[4] Thus, he failed to comply with the thirty-day time limit. Further, all defendants failed to join in the notice of removal. Finally, Gottschalk filed the notice of removal in an improper district court. Because the case was originally filed in San Diego Superior Court, the proper district in which to file a notice of removal was the Southern District of California, not the Central District.

The court, however, cannot *sua sponte* remand a case for procedural defects in removal. See *Kelton Arms Condominium Owners Ass'n. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003). Failure to comply with the thirty-day time limitation renders the removal procedurally defective, see *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994), as does failure to join all served defendants in the notice of removal. See *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995). Because procedural defects in removal are not jurisdictional, they may be waived.[5] *Kelton Arms*, 346 F.3d

---

[4]*Id.*, ¶ 3.

[5]Although the Ninth Circuit has not yet indicated whether removal to the wrong district court is a jurisdictional defect or a procedural defect, the Eleventh Circuit has held that it is a waivable

at 1192-93.  Thus, plaintiffs-in-interpleader or the other defendants-in-interpleader must move to remand this case, if they wish to do so on the basis of the procedural defects identified above.

## IV. CONCLUSION

In order to assure proper jurisdiction, the court orders Gottschalk to show cause, on or before **March 3, 2009**, why the court should not remand the action to state court for lack of federal question jurisdiction.

Any other party to the case may file a motion to remand this action on the basis of procedural defects in removal.  Any such motion must be filed no later than **March 6, 2009.**  If no motion to remand is filed by that date, the court will assume that all parties waive any procedural objections they would otherwise be entitled to assert to Gottschalk's notice of removal.

---

procedural defect.  See *Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 (11th Cir. 1997).